UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CIV-20590-WILLIAMS
MAGISTRATE JUDGE P.A. WHITE

LUCKSON FREMOND,                  :

    Plaintiff,                 :

v.                                :   REPORT RECOMMENDING
                                                  TRANSFER OF VENUE
LEE COUNTY SHEIFF'S OFFICE,       :

    Defendants.                :
_____

    Luckson Fremond, a state prisoner confined at Lee Couty Jail, has filed a *pro se* civil rights complaint alleging claims which arise out of events that occurred at Lee County Jail, an institution located in the Middle District of Florida, against the Lee County Sheriff's Office and a sergeant with that office.

    Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

    A civil action may be brought in--

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

    Section 1406(a) further provides that "[t]he district court of a district in which is filed a case laying venue in the wrong

division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The decision whether to transfer or dismiss a case pursuant to § 1406(a) "lies within the sound discretion of the district court." Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir.1993). The leading case on § 1406(a) transfers is Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962).  In Goldlawr, the Supreme Court explained that Congress enacted § 1406(a) to "avoid[ ] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn."  Id. at 466.  The plaintiff in Goldlawr would have suffered an injustice had the court dismissed its case because the statute of limitations had run on the majority of its claims. See id.  The Court held:

> The language of [§ ] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue.... If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of [§ ] 1406(a), recognized that the interest of justice may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by ... time-consuming and justice-defeating technicalities.

Id. at 467 (citation and internal quotation marks omitted); see generally Brunette Mach. Works, Ltd. v. Kockum Indus., Inc., 406 U.S. 706, 710 (1972) (observing generally that "venue provisions are designed, not to keep suits out of the federal courts, but merely to allocate suits to the most appropriate or convenient federal forum").

Lower courts decided after Goldlawr likewise have recognized that "[a] 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 435 (2d Cir.2005) (*quoting* Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir.1999)); see also Minnette, 997 F.2d at 1027 ("[T]he transfer of this action, when the statute of limitations has run, is in the interest of justice."). Other considerations relevant to the interest-of-justice inquiry include a balancing of the prejudices and whether the plaintiff filed in the wrong venue in good faith. See Cruz-Aguilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir.2001) ("When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors."); see also Wallace v. Whitt, 935 F.2d 271, at * 2 (6th Cir.1991) (unpublished) (holding that the district court "erred in dismissing the case in the face of its finding of severe prejudice to the plaintiffs from a dismissal and no prejudice to defendants from transfer as well as a finding of improper venue through no fault of the parties"); Sinclair v. Kleindienst, 711 F.2d 291, 293 (D.C.Cir.1983) (holding that a transfer under § 1406(a) was in the interest of justice where "[r]efusal to transfer spell [ed] the end to the action, while transfer would not prejudice the defendants' position on merits"). As another district court in this circuit has reasoned with respect to transfers generally, "[w]hen venue would be proper in another district under § 1391, transfer is preferred over dismissal unless there is evidence that a case was brought in an improper venue in bad faith or in an effort to harass a defendant." Palmer v. Dau, No. 6:10cv248, 2010 WL 2740075, at *2 (M.D.Fla. Jul. 12,

2010)((*citing* Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 3827 (2d ed. 1998 & 2005 Supp.).

Here, the defendants are Lee County entities and officers, and the complained-of events all took place at the Lee County jail. Both defendants thus presumably reside in Lee County, and all of the events giving rise to the claims thus occurred in Lee County. However, as set forth above, Lee County is in the Middle District of Florida. As such, venue is improper in this Southern District. 28 U.S.C. § 1391(b).

However, nothing on the face of the complaint reveals that Plaintiff filed suit in this Southern District in bad faith or in an effort to harass the defendants. Moreover, the Court concludes that dismissing the action would result in requiring Plaintiff to engage in time-consuming and justice-defeating technical compliance in re-filing this suit. Thus, in light of Plaintiff's pro se status, this matter should be transferred to the Middle District of Florida, rather than dismissed for improper venue. See 28 U.S.C. § 1406(a) (the district court of a district in which is filed a case laying venue in the wrong division or district may transfer such case if it be in the interest of justice); see also Goldlawr, 369 U.S. at 467 (interest of justice may require that complaint not be transferred in order that the plaintiff not be penalized by time-consuming and justice-defeating technicalities); Brunette, 406 U.S. at 710 (venue provisions are designed merely to allocate suits to the most appropriate or convenient federal forum); Palmer, No. 6:10cv248, 2010 WL 2740075, at *2 (transfer is preferred over dismissal unless there is evidence that a case was brought in an improper venue in bad faith or in an effort to harass a defendant).

Based on the foregoing, it is recommended that the Clerk be directed to transfer it to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §1406(a).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Dated this 22nd day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Luckson Fremond
297025
Lee County Jail
Inmate Mail/Parcels
2501 Ortiz Avenue
Fort Myers, FL 33905
PRO SE